**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**James Mark Vogel,**

**Plaintiff,**

**v.**

**Scot Turner, Aitkin County Sheriff;**
**Debra Hamilton, Jail Administrator;**
**Jeremy Swensen, Asst. Jail Admin.;**
**Janet Larsen, LPN;**
**Diane Grinde, D.O.C. Rep.;**
**Alicia Peterson, Jail Nurse,**

**Defendants.**

**Civ. No. 11-0446 (PJS/JJG)**

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on various dispositive motions. The following motions are currently pending: (1) Defendant Diane Grinde's Motion to Dismiss, or in the alternative, Motion for a More Definite Statement (ECF No. 33); (2) Defendant Janet Larsen's Motion to Dismiss (ECF No. 37); (3) Plaintiff James Mark Vogel's Motion to Withdraw Request for Jury Trial and Proceed with Judge or Magistrate Judge (ECF No. 47); and (4) Plaintiff's Motion for Default Judgment as to Alicia Peterson (ECF No. 51). Plaintiff has also moved this Court for an order appointing counsel and to postpone the dates set forth in the pretrial scheduling order by one year. Those motions will be addressed in a separate order. Defendants Scot Turner, Debra Hamilton, and Jeremy Swensen have filed a joint and separate answer.

Plaintiff does not identify discrete claims but, in an effort to afford him the liberal reading to which a pro se litigant is entitled, the Court finds Plaintiff is attempting to assert

claims pursuant under Section 1983 for deliberate indifference in violation of the Eighth Amendment, medical malpractice, negligence, and compelled self-incrimination under the Fifth Amendment.[1]

As discussed below, Defendant Grinde's Motion to Dismiss is granted; Defendant Larsen's Motion to Dismiss is granted in part and denied in part; Plaintiff's Motion to Withdraw Request for Jury Trial is denied; and Plaintiff's Motion for Default Judgment as to Alicia Peterson is denied.

## I. BACKGROUND

Plaintiff Vogel has filed numerous lawsuits in this court, as well as in state court, concerning his treatment in jail and the conviction that led him there.[2] In this lawsuit, Plaintiff

[1] The Fifth Amendment allegations stem from an allegedly coerced guilty plea wherein Plaintiff claims jail staff intimated that he would not get sufficient medical care unless he pleaded guilty to a DUI charge. As explained below, the allegations surrounding the Fifth Amendment claim are distinct from the medical treatment and response to Plaintiff's complaints and preceded any possible acts for which Defendant Grinde or Defendant Larsen could be liable. Accordingly, the Court does not consider the Fifth Amendment in this Report and Recommendation. The Court construes the Fifth Amendment claim as being asserted against the other defendants, namely Sheriff Turner and administrative jail staff. Additionally, the Court takes judicial notice of Plaintiff's habeas petition, *Vogel v. Roy*, 12-0088 (PJS/JJG), which asserts he was deprived of due process because he was coerced into pleading guilty by being deprived of medical care.

[2] *Vogel v. Dep't of Corr.*, Civ. No. 09-1889 (PJS/RLE) (D. Minn. July 17, 2009) (civil rights complaint; claiming inadequate dental care; dismissed without prejudice for failure to abide by court order and failure to prosecute); *Vogel v. Roy*, Civ. No11-1421 (PJS/JJG) (D. Minn. filed June 6, 2011) (habeas petition; dismissed without prejudice as a mixed petition); *Vogel v. Roy*, Civ. No. 12-0088 (PJS/JJG) (D. Minn. filed Jan. 10, 2012) (habeas petition; under advisement); *Vogel v. Roy*, Civ. No. 12-884 (PJS/JJG) (D. Minn. filed Apr. 10, 2012) (civil rights complaint; claiming abuse by prison guards; dismissed without prejudice for failure to state a claim); *Vogel v. Aitkin Cnty. Sherriff*, 01-CV-10-912 (Minn. Dist. Ct. filed Nov. 3, 2010) (alleging identical claims as here; voluntarily dismissed without prejudice). All told, since Plaintiff's incarceration in February 2009, he has filed four lawsuits in federal court and five lawsuits in state court.

Plaintiff also filed three civil rights complaints and two habeas petitions in federal court in connection with a prior incarceration, also for driving while under the influence of alcohol.

is seeking relief for violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a sentence for driving under the influence of alcohol.

Plaintiff filed 33 medical requests in a 183-day period and filed a grievance with the jail administrator at Aitkin County Jail regarding inaction in response to those requests. (Compl. II.C.1.)[3] The administrators had not taken action based on his requests or his grievance. (*Id.* II.C.2.) Plaintiff "followed the chain of command" but no action had been taken. (*Id.* II.D.) Plaintiff claims that the jail administrators are now refusing his requests for medical records and refused to fill out a "Certification of Funds" to enable Plaintiff to file the instant lawsuit. (*Id.*)

Plaintiff alleges he sent a letter to Defendant Turner, which went unanswered. (*Id.* IV.) As for Defendants Hamilton and Swensen, Plaintiff alleges he filed a grievance that was ignored. (*Id.*) When Plaintiff informed Defendants Hamilton and Swensen that he would contact the Department of Corrections (DOC) Representative, Defendant Grinde, Hamilton and Swensen "laughed and said, 'go ahead.'" (*Id.*) Plaintiff alleges that Defendant Larsen refused to bring Plaintiff to the hospital "and misdiagnosed cancer, which [Plaintiff] was told even a layman should have discovered." (*Id.*)

With regard to Defendant Peterson, Plaintiff claims she "did not recommend a hospital or any tests to be done and began to ignore [his] requests for medical care." (*Id.*) Finally, Defendant Grinde allegedly ignored Plaintiff's complaints of pain and "refused to tell the jail to bring me to the hospital." (*Id.*)

[3] Plaintiff's used a District of Minnesota Form entitled "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" to file his Complaint. Citations to the Complaint will utilize the numbering set forth in the Form, instead of paragraph numbers.

Aside from the general allegations recounted above, Plaintiff offers other facts as background for his Complaint. Plaintiff's abdominal pain started in October or November 2008, at which time he saw his doctor, Dr. Lofgren, at HealthPartners in St. Cloud, Minnesota. (*Id.* Statement of Claims.) Seeing no problems, Dr. Lofgren ordered further tests. (*Id.*) Before further tests were conducted, Plaintiff moved to Wadena, Minnesota in January 2009 and saw Dr. Heidi Olsen at Wadena Tri-County Hospital. (*Id.*) Plaintiff alleges that Dr. Olsen "scheduled more tests of the type I guess that had been scheduled with my doctor in St. Cloud." (*Id.*) Before those tests were conducted, however, Plaintiff was arrested for driving under the influence and taken to jail on February 16, 2010. (*Id.*)

Upon his arrest, Plaintiff advised jail staff of his abdominal problems and that he was scheduled for further medical tests. (*Id.*) Plaintiff saw "the nurse" the next day, "but nothing was done." (*Id.*) Sometime later, Plaintiff put in a written request to see the nurse and "even obtained two letters from my doctor Heidi Olsen in Wadena stating that [he] needed to be examined by someone because of [his] condition and on-going [sic] pain." (*Id.*) Plaintiff submitted numerous requests for medical attention, but no medical personnel, except "the jail nurse" treated Plaintiff. (*Id.*) Even "the jail nurse" stopped seeing Plaintiff and began ignoring his requests. (*Id.*) Once Plaintiff determined jail staff was ignoring his complaints, he filed a grievance and had a meeting with Defendants Hamilton, Swensen, and "the jail nurse." (*Id.*) At the meeting, Plaintiff was informed that the jail would not treat, and was not liable for, pre-existing conditions. (*Id.*) Plaintiff goes on to allege that "short of [] lying on the ground bleeding, [he] would not see a doctor for anything as vague as abdominal pain." (*Id.*) Plaintiff's asserts he was told "if [he] was in so much pain, [he] could plead guilty to driving under the influence offense, be transferred to the Department of Corrections, and be treated by

them . . . ."[4] (*Id.*) Plaintiff threatened to write to the DOC Inspection and Enforcement Unit (IEU) to file a formal complaint, to which Defendant Hamilton laughed and was told to "go ahead." (*Id.*)

Plaintiff sent four letters to the IEU and received only one response. (*Id.*) Defendant Grinde replied that she spoke with jail staff, reviewed Plaintiff's file, and saw that Plaintiff had been seen by medical personnel. (*Id.*)

Feeling as though he had no other options, Plaintiff filed an application with the Aitkin County Health and Human Services office, which was rejected because he was under the care of the Aitkin County Jail. (*Id.*) Four months after his arrest, Plaintiff was lying in his bed and felt a sharp pain in his abdomen. (*Id.*) He discovered a large lump, which prompted him to request medical attention. (*Id.*) The nurse did not know what the lump was and suggested Plaintiff see someone else – specifically, Defendant Larsen, a physician's assistant.[5] (*Id.*) Defendant Larsen diagnosed the lump as impacted fecal matter and prescribed a laxative. (*Id.*)

After pleading guilty on August 18, 2009, Plaintiff was transferred to the DOC, where he saw a doctor. (*Id.*) The DOC doctor informed Plaintiff that the lump was his spleen and the doctor "suspected cancer right away" and referred Plaintiff to James Shanks, an oncologist at St. John's Hospital in Maplewood, Minnesota. (*Id.*) Plaintiff was diagnosed with non-Hodgkin's Mantle Cell Lymphoma, a rare type of lymphoma. (*Id.*) Plaintiff alleges that, if caught early, this type of cancer has a 50/50 cure rate. (*Id.*) Plaintiff claims the failure of jail

---

[4] It is unclear from the Complaint whether that was Plaintiff's assessment of the situation or if that was a suggestion from one or all of the Defendants.

[5] Plaintiff refers to Defendant Larsen as a physician's assistant, however in her motion, Larsen identifies herself as "C-FNP," or a Certified Family Nurse Practitioner. The Court will address Defendant Larsen as a physician's assistant, as pled in Plaintiff's Complaint.

administrators to diagnose his cancer enabled the cancer to spread throughout his body, and reduced his life-expectancy to four to five years. (*Id.*)

Plaintiff filed a previous lawsuit in Aitkin County District Court before the Honorable Judge John Solien. (*Id.* 1.B.2; 1.B.3); *accord Vogel v. Aitkin Cnty. Sherriff*, 01-CV-10-912 (Minn. Dist. Ct. filed Nov. 3, 2010). In that lawsuit, Plaintiff alleged violations of his First, Fifth, Eighth, and Fourteenth Amendment rights under the Constitution of the United States and the Constitution of the State of Minnesota. (*Id.* 1.B.5.) Further, Plaintiff contended he was denied medical care for 183 days when he had significant pain in his stomach. (*Id.*) Plaintiff named the Aitkin County Sheriff, Diane Grinde, Deb Hamilton, Janet Larsen, Jeremy Swensen, and Minnesota Attorney General Lori Swanson as defendants in that case. While Plaintiff asserts that the case is still pending, (*id.* I.B.6), a brief review of the docket indicates Plaintiff voluntarily dismissed the case and Judge Solien dismissed it without prejudice.[6]

After filing this lawsuit on February 23, 2011, Plaintiff filed a "Corrected Cover Sheet" noting that he was seeking $5,000,000, rather than $500,000 in damages. (Corrected Cover Sheet, Mar. 1, 2011, ECF No. 4.) On April 5, 2011, the Court notified Plaintiff "that any request for any relief from the Court must be presented in a formal written motion, which presents sufficient factual and legal grounds to grant the specific relief requested." (Order, Apr. 5, 2011, ECF No. 8.) The Court further explained that it normally does not respond to letters, notes, memoranda, or other informal communications. (*Id.*) Plaintiff filed a "Request to Add Addendum to Complaint" on April 26, 2011. (Req. to Add Addendum to Compl., Apr. 26, 2011, ECF No. 11.) That request sought to amend the Complaint to clarify that Plaintiff

[6] The Court may take judicial notice of public information for the purposes of a motion to dismiss. *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 948 (D. Minn. 2008) (citation omitted).

brought his lawsuit against each Defendant "in both their individual and official capacities" and that "they performed their duties under the color of state law," all while employees of Aitkin County Jail. (*Id.*)

This "request" does not comply with the Federal Rules of Civil Procedure, this Court's Local Rules, or this Court's order specifically barring informal requests for relief. *See* D. Minn. L.R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (requiring movant to submit the proposed amendment along with a motion); *Cooke v. Stanton*, Civ. No. 08-1175 (MJD/JJK), 2009 WL 424537, at *10, n.10 (D. Minn. Feb. 18, 2009) (acknowledging that Local Rule 15.1 clearly requires a plaintiff to submit a copy of a proposed Amended Complaint *with* a motion); *see also Head v. Mills*, Civ. No. 07-3555 (DWF/JJG), 2009 WL 150956, at *3 (D. Minn. Jan. 21, 2009) ("Nor is it possible to view the 'Definite Statement' as a supplement or addendum to the current pleading, . . . Such piecemeal pleading is inherently confusing and problematic.").

While the "request" is deficient, the Court is mindful of Federal Rule of Civil Procedure 1, which requires that the Rules be construed to secure the just, speedy, and inexpensive determination of every action. Accordingly, as set forth more fully below, despite the Court's recommendation that the action be dismissed, the record supports a dismissal without prejudice for certain claims. For those specified circumstances, it will allow Plaintiff the opportunity to re-file his complaint, if he chooses, but the Court notes that Plaintiff must strictly adhere to the proper rules and procedures.

## II. MOTIONS TO DISMISS

### A. Standard of Review

Defendants Grinde and Larsen separately move to dismiss the Complaint. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court determines whether "a complaint contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To establish facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, the complaint need not include detailed factual allegations, but it must surpass the "speculative level." *Twombly*, 550 U.S. at 555. Because Defendant Larsen has answered Plaintiff's Complaint, the Court construes her motion as a motion for judgment on the pleadings, pursuant to Rule 12(c). *See Great Lakes Gas Transmission L.P. v. Essar Steel Minn.*, -- F. Supp. 2d. --, 2012 WL 1694595, at *4 (D. Minn. May 15, 2012) (citations omitted) (acknowledging the merely formal distinction between Rule 12(b)(6) and Rule 12(c); construing Rule 12(b)(6) motion as Rule 12(c) motion).

### B. Declaratory and Injunctive Relief: Defendants Grinde and Larsen

Defendant Grinde first asks the Court to dismiss Plaintiff's claims for declaratory and injunctive relief. Specifically, Plaintiff's Complaint asks that the Court "find the Defendants guilty and award me damages, Injunctive Relief, and Declatory [sic] Relief." (Compl. V.) The Court construes this request as seeking an order requiring the Aitkin County Jail officials to provide further medical care. At the outset, the Court acknowledges that Plaintiff's Complaint contains allegations only against Aitkin County officials or their agents. Further, Plaintiff is

no longer housed at Aitkin County Jail. (Notice of Change of Address, May 6, 2011, ECF No. 16.)

The Eighth Circuit has been very clear that transfer of a prisoner from one facility to another renders any pending requests for injunctive relief moot. *Akehurst v. Mundt*, Civ. No. 01-0574 (JRT/RLE), 2002 WL 1729521, at *2 (D. Minn. Jul. 23, 2002) (citing *Martin v. Sargent*, 780 F.2d 1334, 1336 (8th Cir. 1985); *Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir. 1978); *Williams v. Moore*, No. 92–1318, 1992 WL 120398 at *1 (8th Cir. June 5, 1992) (unpublished opinion). The Eighth Circuit precedent is unambiguous in its requirement that courts dismiss claims for injunctive relief following a prisoner's transfer from one facility to another. Accordingly, Plaintiff's claims for injunctive relief should be dismissed as moot.

**C. Eleventh Amendment: Defendant Grinde**

Defendant Grinde next asks the Court to dismiss Plaintiff's suit for damages because Plaintiff asserts "official capacity" claims and such claims against government officials are barred by the Eleventh Amendment. Where a complaint is silent as to whether a lawsuit is against an individual in his personal or official capacity, the Eighth Circuit has instructed that it should be construed as an official-capacity claim. *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619-20 (8th Cir. 1995) (citing *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989)). The court acknowledged *Nix* "requires that a plaintiff's complaint contain a clear statement of her wish to sue defendants in their personal capacities." *Id.* at 620. That requirement affords a Defendant "prompted notice of his or her potential personal liability." *Nix*, 879 F.2d at 431.

Here, the caption of the operative Complaint refers to Defendant Grinde as a representative of the DOC and makes no reference to her personal capacity. Thus, the lawsuit against Grinde is solely against her in her official capacity as a DOC Representative.

Further, the Supreme Court has held "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). The Court went on to explain that the governmental entity is the real party in interest. *Id.* Accordingly, the inquiry before the Court is whether Plaintiff may maintain an action against the Minnesota Department of Corrections.

It is well settled that the Eleventh Amendment bars an action for damages against a state or state agency in federal court. *Graham*, 473 U.S. at 169; *Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir. 2009) (citing *Ex Parte Young*, 209 U.S. 123 (1908); *Monroe v. Ark. State. Univ.*, 495 F.3d 591, 594 (8th Cir. 2007)); *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (recognizing the common holding that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State"). Because the Department of Corrections is a state agency and, therefore, any damages would come from state coffers, Plaintiff may not maintain an official capacity claim against Defendant Grinde.

Despite Plaintiff's failure to state a claim, the Court recommends dismissal of this complaint without prejudice to allow Plaintiff the opportunity to re-file his complaint, if he so chooses, to properly allege claims against Defendant Grinde in her individual capacity.[7] *See Vogel v. Roy*, Civ. No. 12-0884 (PJS/JJG), 2012 WL 2045963, at *1 (D. Minn. June 6, 2012) (citing *Hutchinson v. Jefferson Cnty. Jail*, 242 F.3d 375 (8th Cir. 2000) (unpublished table

[7] This Report and Recommendation does not address the validity of any such claim because sovereign immunity prohibits this suit as framed. The Court only acknowledges Plaintiff's improper attempt to amend his Complaint to assert individual-capacity claims.

decision) (modifying dismissal to be without prejudice so the plaintiff could re-file the complaint against the proper defendants)). Accordingly, any claims against the DOC, as articulated through Defendant Grinde's actions, should be dismissed without prejudice.

**D. Affidavit of Expert Review: Defendant Larsen**

Defendant Larsen asks the Court to dismiss Plaintiff's Complaint based on his failure to attach an affidavit of expert review, as required by Minnesota Statutes § 145.682. Section 145.682 requires any plaintiff asserting a cause of action for medical malpractice to attach an affidavit stating that an expert has reviewed the facts of the case and one or more defendant deviated from the standard of review. Minn. Stat. § 145.682, subd. 2(1). The only exception to the affidavit requirement allows a plaintiff to forgo seeking an expert in exceptional cases where expert testimony would not be required to establish medical malpractice. *See Tousignant v. St. Louis Cnty.*, 615 N.W.2d 53, 58 (Minn. 2000). Exceptional cases include situations in which sponges or metal clips are forgotten inside a surgical patient following surgery. *Hestbeck v. Hennepin Cnty.*, 212 N.W.2d 361, 364-65 (Minn. 1973); *see also Haile v. Sutherland*, 598 N.W.2d 424, 428 (Minn. Ct. App. 1999) (citation omitted) ("But expert testimony is necessary to support all but the most obvious medical malpractice claims.") Where a Plaintiff acts pro se, he must sign an affidavit that an expert has reviewed the file. Minn. Stat. § 145.682, subd. 5. Here, Plaintiff failed to file an affidavit of expert review.

Defendant Larsen served a Demand for Expert Review on November 4, 2011, as required by subdivision 6. (ECF No. 30.) Section 145.682 allows a defendant to demand an affidavit of expert review, which gives a noncompliant plaintiff 60 days to respond. § 145.682, subd. 6. Failure to respond results in "mandatory dismissal with prejudice of each

cause of action as to which expert testimony is necessary to establish a prima facie case." *Id.*; *see also Teffeteller v. Univ. of Minn.*, 645 N.W.2d 420, 426 (Minn. 2002).

The record reflects a failure by Plaintiff to file an affidavit of expert review. Further, this is not a case that is within the common knowledge of laymen. *See, e.g.*, *Todd v. Eitel Hosp.*, 237 N.W.2d 357, 361-62 (Minn. 1975) (distinguishing failure to diagnose cancer, which requires an affidavit of review, from leaving a sponge inside patient's body, which does not). Therefore, Plaintiff has fallen short of the strict statutory requirement. The statute leaves no room for other exceptions; the clear and unambiguous text of the statute requires dismissal with prejudice. Accordingly, the Court recommends that this claim be dismissed *with* prejudice.

**E. Deliberate Indifference in Violation of the Eighth Amendment: Defendant Larsen**

Plaintiff's Complaint asserts a claim for deliberate indifference of medical need in violation of the Eighth Amendment's bar against cruel and unusual punishment. Plaintiff's primary complaint stems from being required to sit without adequate medical care for 183 days. To establish a prison official's deliberate indifference to the serious medical needs of a prisoner, a prisoner must demonstrate: "(1) a substantial risk of serious harm to the inmate existed and (2) the prison official knew of and disregarded that risk." *Robinson v. Hager*, 292 F.3d 560, 563-64 (8th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Therefore, the prison official must fall below both an objective and subjective standard to be liable. *McRaven v. Sanders*, 577 F.3d 974, 980 (8th Cir. 2009) (citing *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)).

The first question the Court must answer, however, is whether Defendant Larsen, acting in her official capacity as a contracted physician's assistant, may be liable for this

violation. Official capacity claims require "'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has final authority to establish governmental policy." *Jane Doe A ex rel. Jane Doe B v. Spec. Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

However, it is quite implausible that Larsen, a contracted physician's assistant, would have the final authority to establish governmental policy. *See Wiles v. Capitol Indem. Grp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citing *Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)) (allowing courts to ignore unsupportable conclusions in deciding a motion to dismiss). Accordingly, Plaintiff may not succeed on this claim against Larsen, because he has not demonstrated that Larsen is a prison official who is authorized to make decisions that would establish a final governmental policy leading to the deliberate indifference of Plaintiff's serious medical needs. To the extent this decision relates to Larsen in her official capacity, the Court recommends that this claim against Defendant Larsen be dismissed without prejudice.[8]

**F. Negligence: Defendant Larsen**

Plaintiff also purports to allege a claim for negligence against Defendant Larsen. This claim must also be dismissed. Minnesota courts distinguish between medical malpractice and negligence by a medical provider. *Compare Kaiser v. Memorial Blood Ctr.*, 486 N.W.2d 762, 767 (Minn. 1992) (negligence in administration of tainted blood) *with Paulos v. Johnson*, 597 N.W.2d 316, 320 (Minn. Ct. App. 1999) (medical malpractice by way of fraudulent misrepresentation by a physician). The hallmark of a negligence claim when asserted against

[8] This is not to suggest a claim against Defendant Larsen in her personal capacity under the Eighth Amendment would survive scrutiny either.

a healthcare provider is that negligence is "generally based upon conduct for which a professional license is not required." *Kaiser*, 486 N.W.3d at 767.

But this is not a case in which Plaintiff slipped and fell while at his doctor's office. Instead, the diagnosis and treatment of this cancer is very complicated and requires a medical license. A claim for negligence in this situation would require establishing a standard of care that would essentially convert a negligence claim into one for medical malpractice, thereby rendering any distinction between the two claims moot. Thus, the negligence claim against Larsen cannot stand. Moreover, as the medical malpractice claim against Larsen fails for other reasons, the negligence claim as to Larsen should be dismissed with prejudice as well. There is no indication in Plaintiff's Complaint that there are any other scenarios for which Larsen would be liable to Plaintiff for simple negligence.

## III. MOTION TO WITHDRAW JURY REQUEST

Plaintiff has moved to withdraw his request for a jury trial and proceed with a judge or magistrate judge. The Seventh Amendment to the Constitution guarantees civil litigants a right of trial by jury. U.S. Const. amend. VII; *accord* Fed. R. Civ. P. 38 ("The right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by federal statute – is preserved to the parties inviolate."). Rule 38(d) allows for withdrawal of a jury request only if the parties consent. Defendant Larsen requested a trial by jury in her answer to Plaintiff's Complaint (ECF No. 28) as did Defendants Debra Hamilton, Jeremy Swenson, and Scot Turner (ECF No. 27). Further, Defendant Larsen currently opposes Plaintiff's request.

While Plaintiff may waive his right to trial by jury, without Defendants' consent, the Court must deny the motion.

## IV. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendant Alicia Peterson. Plaintiff filed his Complaint on February 23, 2011 and sought assistance from the Marshal's Service to serve the Complaint. The summonses were issued on August 26, 2011. The summons for Defendant Peterson returned unexecuted. (Summons Return 4, Dec. 12, 2011, ECF No. 36.) Plaintiff attempted to serve Defendant Peterson at Aitkin County Jail, but Peterson is not employed by the jail. Further, the record does not contain an Acknowledgement of Receipt of Summons and Complaint from Defendant Peterson.

Defendant Peterson is, and has been during all times relevant to this litigation, employed by Cuyuna Regional Medical Center. (Affidavit of Alicia Wesley-Peterson ("Peterson Aff.") ¶ 1.) Defendant Peterson avers that she has never been served with a summons or complaint in this matter. (*Id.* ¶ 2.) Accordingly, despite Defendant's assertion the Peterson was served nearly a year ago, the record is devoid of such evidence.

A motion for default judgment must be denied where there is no evidence of effective service. *See, e.g.*, *Harry & David v. J&P Acquisition, Inc.*, C.A. No. 10-0124 (GMS), 2011 WL 4835696, at *6 (D. Del. Oct. 12, 2011); *see also McAlphin v. Morgan*, 216 F.3d 680, 682 (8th Cir. 2000). Because the only evidence to support a finding of proper service is Plaintiff's bare assertion, the motion for default judgment must be denied.

## V. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Grinde's Motion to Dismiss (ECF No. 33) be **GRANTED**;

2. The claims against Defendant Grinde be **DISMISSED WITHOUT PREJUDICE**;
3. Defendant Larsen's Motion to Dismiss (ECF No. 37) be **GRANTED**;
4. The claims against Defendant Larsen asserting violation of the Eighth Amendment be **DISMISSED WITHOUT PREJUDICE**;
5. The claim against Defendant Larsen asserting medical malpractice and negligence be **DISMISSED WITH PREJUDICE**;
6. Plaintiff's Motion to Withdraw Request for Jury Trial and Proceed with Judge or Magistrate Judge (EF No. 47) be **DENIED**; and
7. Plaintiff's Motion for Default Judgment as to Defendant Alicia Peterson (ECF No. 51) be **DENIED**.

Dated: August 8, 2012

s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **August 23, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.