UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES MARK VOGEL, | Case No. 11-CV-0446 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER |
| SHERIFF SCOT TURNER, Aitkin Cty. Sheriff; DEBRA HAMILTON, Jail Administration; JEREMY SWENSEN, Asst. Jail Admin.; JANET LARSEN, LPN; DIANNE GRINDE, D.O.C. Rep.; and ALICIA PETERSON, Jail Nurse, | |
| Defendants. | |

James Mark Vogel, pro se.

Margaret Jacot, Assistant Attorney General, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendant Dianne Grinde.

This matter is before the Court on objections from both plaintiff James Mark Vogel and defendant Dianne Grinde to the August 8, 2012 Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham. ECF No. 76. The facts are described in the R&R and will not be recounted here.

In the R&R, Judge Graham recommends that (1) the 42 U.S.C. § 1983 claim against Grinde for violating the Eighth Amendment be dismissed without prejudice, (2) the 42 U.S.C. § 1983 claim against defendant Janet Larsen for violating the Eighth Amendment be dismissed without prejudice, (3) the state-law claims against Larsen for medical malpractice and negligence be dismissed with prejudice, (4) Vogel's motion to withdraw his request for jury trial be denied, and (5) Vogel's motion for default judgment against defendant Alicia Peterson be denied. Vogel objects to the first three of those recommendations, while Grinde objects that the claim against

her should have been dismissed with prejudice.  The Court has reviewed these findings de novo in accordance with 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), and adopts the R&R in all but two respects:  The Court agrees with Grinde that the claim brought against her should be dismissed with prejudice, and the Court also dismisses the § 1983 claim against Larsen with prejudice.[1]

## I.  VOGEL'S OBJECTION TO THE R&R

Grinde and Larson moved separately under Fed. R. Civ. P. 12(c) for judgment on the pleadings.  In reviewing a motion for judgment on the pleadings under Rule 12(c), a court applies the same standard used in reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Under this standard, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Id.*  Although the factual allegations in the complaint need not be detailed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### A.  Vogel's § 1983 Claim against Grinde

The R&R construes Vogel's pro se complaint as asserting a § 1983 claim against Grinde for deliberate indifference to Vogel's medical needs in violation of the Eighth Amendment. Section 1983 claims may be brought against defendants in either their official or individual

---

[1] Vogel also objects to Judge Graham's July 23, 2012 order denying his request for appointment of counsel or postponement of the pretrial scheduling order.  ECF No. 73.  The Court has reviewed Judge Graham's order and finds that it is neither "clearly erroneous [nor] contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

capacities (or both). An individual-capacity claim seeks to hold the state official personally liable for her actions, while "'the real party in interest in an official-capacity suit is the governmental entity and not the named official.'" *See Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Official-capacity suits are generally "only another way of pleading an action against an entity of which an officer is an agent . . . ." *Monell v. Dep't. Of Soc. Services*, 436 U.S. 658, 690 n.55 (1978).

Vogel appears to be suing Grinde in her official capacity as a representative of the Minnesota Department of Corrections ("DOC"), since the caption of his complaint identifies Grinde as a "D.O.C. Rep." Even if the Court were to regard Vogel's complaint as ambiguous in this respect, the Eighth Circuit has explained that, in order to sue a public official in her individual capacity, a plaintiff must give clear notice to the public official that he is doing so. *See, e.g., Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). When a complaint is unclear or silent as to how a defendant is being sued, courts must interpret the complaint as raising only official-capacity claims. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). "Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient." *Id*. at 620.

Because Vogel's complaint does not clearly provide notice to Grinde that she is being sued in her individual capacity, Vogel must be regarded as having sued Grinde only in her official capacity. The DOC, not Grinde, is thus the real party in interest. And because the Eleventh Amendment bars actions for damages against a state or state agency in federal court, *see, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985), Vogel's official-capacity claim must be dismissed.

In objecting to this dismissal, Vogel argues that Grinde is not immune from suit. Vogel is correct. But because he brought only an official-capacity claim, Vogel did not sue Grinde. Instead, he sued the DOC, and under the Eleventh Amendment, the DOC *is* immune from actions for damages in federal court.

### B. Vogel's § 1983 Claim against Larsen

The R&R construes Vogel's pro se complaint as stating a § 1983 claim against Larsen for deliberate indifference to Vogel's medical needs in violation of the Eighth Amendment. The R&R recommends that this claim be dismissed because (1) Vogel sued Larsen only in her official capacity; (2) Larsen cannot be held liable in her official capacity unless she is "an official who has the final authority to establish governmental policy," *Jane Doe A v. Special School Dist.*, 901 F.2d 642, 645 (8th Cir. 1990); and (3) it is not plausible that Larsen, who is alleged to be a physician's assistant who worked under contract to a county jail, would have such "final authority."[2] In his objection, Vogel does not directly contest any of these findings, but instead mainly argues that Larsen was deliberately indifferent to his medical needs. The Court adopts the findings of the R&R on this claim in all respects, except that the Court dismisses this claim *with* prejudice for the reasons (explained below) that it dismisses the similar § 1983 claim against Grinde with prejudice.

---

[2]Vogel does not sue Larsen as a representative of the State of Minnesota, but as a representative of Aitkin County. Lawsuits for damages in federal court against counties — unlike lawsuits for damages in federal court against states — are not barred by the Eleventh Amendment. *See, e.g., Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447 (2010).

### C. Vogel's Medical-Malpractice Claim against Larsen

The R&R construes Vogel's pro se complaint as also asserting a state-law medical-malpractice claim against Larsen. Under Minnesota law, a plaintiff bringing a medical-malpractice claim must affix to his complaint an affidavit of expert review stating that, in the opinion of the expert, the defendant deviated from the applicable standard of care. Minn. Stat. § 145.682. If the plaintiff fails to affix such an affidavit, the defendant may demand to be served with one, at which point plaintiff has 60 days to do so. Minn. Stat. § 145.682, subd. 6. Should the plaintiff fail to comply, the action must be dismissed with prejudice. *Id*.

Vogel did not affix an affidavit of expert review to his complaint. On November 4, 2011, Larsen served a demand for expert review upon Vogel. ECF No. 30. Almost a year has now passed, and Vogel has not yet supplied an expert affidavit. Section 145.682 is clear that such a failure to provide an expert affidavit within 60 days requires "mandatory dismissal with prejudice" of the medical-malpractice claim.

In his objection, Vogel argues that § 145.682 is superseded by Fed. R. Civ. P. 26, which governs the disclosure of expert testimony in federal cases. Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny, federal courts hearing state-law claims must apply federal procedural law and state substantive law. *See also Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965) (clarifying the substance-procedure distinction). Other judges in this district have found — and this Court agrees — that the affidavit-of-expert-review requirement of § 145.682 is a substantive, not a procedural, requirement. *See Ellingson v. Walgreen Co.*, 78 F. Supp. 2d 965, 968 (D. Minn. 1999) (rejecting claim that § 145.682 is purely procedural); *Oslund v. United States*, 701 F. Supp. 710, 712-14 (D. Minn. 1988) (same); *cf. Flores v. United States*, 689

F.3d 894, 899-900 (8th Cir. 2012) (implicitly accepting framework of § 145.682 as substantive). Because Minnesota law is controlling, and because Minnesota law requires a plaintiff to supply an affidavit of expert review if such an affidavit is demanded of him, Vogel's medical-malpractice claim against Larsen must be dismissed with prejudice.

## II. GRINDE'S OBJECTION TO THE R&R

Grinde objects to the R&R on two grounds. First, Grinde argues that the official-capacity claim against her should have been dismissed *with* prejudice. Second, Grinde essentially argues that Vogel should not be allowed to bring individual-capacity claims against her in the future, because such claims will be futile. The Court agrees with Grinde's first argument and declines to address her second argument.

The R&R recommends that the official-capacity claim against Grinde be dismissed without prejudice so that Vogel will not be precluded from bringing an individual-capacity claim against Grinde in the future. As an initial matter, the Court does not agree that this is a proper basis for dismissing a claim without prejudice. An official-capacity claim was brought against Grinde, that claim is clearly barred by the Eleventh Amendment, and thus that claim should be dismissed with prejudice. Whatever consequences flow from such a dismissal are the result of Vogel's own choices.

In any event, it appears that dismissal of Vogel's official-capacity claim against Grinde with prejudice will not preclude Vogel from bringing an individual-capacity claim against her in the future. Res judicata — or "claim preclusion" — "bars 'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1730 (2011) (quoting

*Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)). "The requirements for application of res judicata are: 1) a final judgment on the merits, 2) based on proper jurisdiction, 3) between the same parties, and 4) based on the same claims or causes of action." *Wintermute v. Kansas Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011).

Should Vogel move to amend his complaint in this action to add an individual-capacity claim against Grinde, that claim would not be precluded by res judicata because a final judgment would not have been entered in this case. Moreover, the government is the real party in interest in an official-capacity claim, and thus an individual-capacity claim against Grinde will not involve the same parties as the official-capacity claim against Grinde. *See De Llano v. Berglund*, 183 F.3d 780, 781-82 (8th Cir. 1999); *Headley v. Bacon*, 828 F.2d 1272, 1279 (8th Cir. 1987). As the Eighth Circuit has said, "litigation involving officials in their official capacity does not preclude relitigation in their personal capacity." *Headley*, 828 F.2d at 1279. (It is possible that Grinde could be found in privity with the DOC, but any such finding would be difficult to reconcile with *Headley*.) For these reasons, the Court sustains Grinde's objection to the R&R and dismisses the official-capacity claim against her with prejudice.

Grinde also argues that Vogel should not be allowed to bring an individual-capacity claim against her because such a claim would be futile. If and when Vogel seeks to bring such a claim, Grinde can make this argument. The Court is not going to rule now on the viability of a claim that Vogel has not yet asserted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 87], SUSTAINS defendant Dianne Grinde's

objection [ECF No. 81], and ADOPTS IN PART the August 8, 2012 R&R [ECF No. 76]. Accordingly, IT IS HEREBY ORDERED THAT:

1. The Court OVERRULES the objection of plaintiff James Mark Vogel [ECF No. 87].

2. The Court SUSTAINS the objection of defendant Dianne Grinde [ECF No. 81]. Defendant Grinde's motion to dismiss [ECF No. 33] is GRANTED, and all claims against her are DISMISSED WITH PREJUDICE.

3. Defendant Janet Larsen's motion to dismiss [ECF No. 37] is GRANTED, and all claims against her are DISMISSED WITH PREJUDICE.

4. Plaintiff James Mark Vogel's motion to withdraw request for jury trial and proceed with judge or magistrate [ECF No. 47] is DENIED.

5. Plaintiff James Mark Vogel's motion for default judgment as to defendant Alicia Peterson [ECF No. 51] is DENIED.

6. The Court ADOPTS the August 8, 2012 Report and Recommendation [ECF No. 76] to the extent that it is consistent with this order.

7. The Court OVERRULES plaintiff James Mark Vogel's objection [ECF No. 74] and AFFIRMS the July 23, 2012 order denying appointment of counsel and postponement of the pretrial sentencing order [ECF No. 73].

Dated: November  1 , 2012          s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge